**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  08-20439-CIV-UNGARO/SIMONTON**

**GREAT LAKES REINSURANCE (UK) PLC,**

        **Plaintiff,**

**v.**

**MARIA ARBOS, et al.,**

        **Defendants.**
_____/

**OMNIBUS ORDER ON PARTIES' DISCOVERY MOTIONS**

        Presently pending before the Court are several discovery related Motions, as set forth below.

        **I.       BACKGROUND**

        This declaratory judgment admiralty action, brought pursuant to 28 U.S.C. § 2201, et seq., arises out of a claim for insurance coverage for a sea vessel that was purportedly stolen from a marina.   According to the Complaint, the Plaintiff, GREAT LAKES REINSURANCE (UK) PLC, ("Great Lakes") is an insurance company that issued an insurance policy to cover a 2004 50 ft. Sea Ray Motor  vessel, named "Havana Day Dream", on behalf of the Defendant Maria Arbos [D.E. 1].   The Complaint alleges that the Policy for the vessel was issued on or about January 10, 2007, and the vessel disappeared on or about  December 22, 2007.   After the insured, Ms. Arbos, sent a notice of loss to the Plaintiff, Plaintiff investigated the claim and allegedly determined:

        1.       Ms. Arbos failed to disclose on the insurance application her experience (or lack of experience) with marine vessels and ownership thereof;

        2.       Ms. Arbos and Mr. Quevedo failed to disclose a prior history of marine losses; and,

3.      The Defendants failed to disclose a prior history of criminal arrests.

Plaintiff Great Lakes Reinsurance Company asserts that these misrepresentations render the Policy void pursuant to the terms of the contract related to non-disclosure or misrepresentations.

Defendant Arbos has filed an Answer, a counter claim and a third party complaint against Rickenbacker Marina, Inc., for negligence [D.E. 5].  In the Answer and Counter Claim Arbos asserts that Plaintiff has acted in bad faith by  failing to pay the amounts due under the insurance policy despite her payments of the insurance premiums. Defendant Roberto Quevedo has also filed an Answer [D.E. 6], and  Defendant Key Bank has filed an Answer and a Cross Claim against Maria Arbos claiming that she is in default on a loan that was secured by an interest in a 2004 Sea Ray 500DA [D.E. 13].  Key Bank seeks over $300,000 from Ms. Arbos for the default under the note.  Defendant Arbos has responded to the Cross Claim.

Third Party Defendant Rickenbacker Marina has filed an Answer denying liability and also raising the economic loss rule in defense of the negligence tort action by Arbos [D.E. 14].

This matter is set for trial February 2, 2009 and a pretrial conference is scheduled for January 9, 2009.  The discovery cut-off was October 24, 2008 and Motions for Summary Judgment are due on November 21, 2008.

## II.  PENDING MOTIONS

The following discovery Motions were referred to the undersigned Magistrate Judge by Orders of Reference [D.E. 88, 92, 93, 95, 101, 104, 107].  The undersigned will address each Motion, in turn.

2

1.      **Third Party Defendant Rickenbacker Marina Inc.'s Motion to Compel Third Party Plaintiff Maria Arbos' Discovery Responses [D.E. 86] and Defendant Maria Arbos' [Motion for] Out of Time Enlargement of Time to Respond to Third Party Defendant, Rickenbacker Marina, Inc.'s  Discovery Responses [D.E. 89]**

Third Party Defendant Rickenbacker Marina Inc., ("Rickenbacker") has filed a Motion to Compel discovery responses to Interrogatories and Requests for Production that were propounded upon Defendant Maria Arbos on August 6, 2008 [D.E. 86]. According to the Motion, Rickenbacker previously granted Arbos two of extensions of time and extended the time for Arbos to respond until October 3, 2008.   Rickenbacker filed the instant Motion to Compel on October 7, 2008 indicating that Arbos still had not provided responses to the discovery requests.  On October 8, 2008, Arbos filed a Motion seeking an additional five (5) days time to respond to Rickenbacker's discovery requests [D.E. 89].  In that Request, counsel for Arbos asserted that Rickenbacker  failed to contact Arbos prior to filing the Motion to Compel, and further that counsel for Arbos did not receive the discovery requests until September 16, 2008, when present counsel assumed representation of Ms. Arbos.   According to Arbos' counsel, the deadline date for the responses was mis-calendared and thus counsel was in need of  five additional days to complete the responses.   On October 29, 2008, Rickenbacker filed a Motion to Strike Pleadings [D.E. 103], indicating, *inter alia*, that Arbos still had not provided discovery responses to Rickenbacker's discovery requests.  Thus, even if Ms. Arbos' counsel were given the five day extension of time to respond, said time would have expired on October 15, 2008.

Accordingly, based upon the foregoing and the record as a whole, the undersigned makes the following rulings:

3

i) Third Party Plaintiff Maria Arbos' [Motion for] Out of Time Enlargement of Time to Respond to Third Party Defendant, Rickenbacker Marina, Inc.'s Discovery Responses [D.E. 89] is GRANTED, nunc pro tunc, through October 15, 2008.

ii) Third Party Defendant Rickenbacker Marina Inc.'s Motion to Compel Third Party Plaintiff Maria Arbos' Discovery Responses [D.E. 86] is GRANTED.  Third Party Plaintiff Maria Arbos shall provide responses to Rickenbacker's Interrogatories and Requests for Production by November 12, 2008.

2.     **Plaintiff's Motion to Strike the Pleadings of Defendant Maria Arbos or for Other Sanctions for Failure to Comply with Discovery Order [D.E. 90]**

Plaintiff Great Lakes Reinsurance (UK) PLC, ("Great Lakes") has filed a Motion to Strike the Pleadings of Defendant Maria Arbos for failure to comply with this Court's September 26, 2008, discovery Order directing her to file a full and complete answer to Plaintiff Great Lakes' Interrogatory #13.  Defendant Arbos has filed a Response to the Motion [D.E. 97], and Plaintiff has filed a Reply [D.E. 99].

In its Motion to Strike, Great Lakes asserts that Defendant Arbos has failed to provide a full and complete answer to Interrogatory #13 which inquires about Arbos' experience in the operation of pleasure boats. On September 8, 2008, Plaintiff filed a Motion for Order Overruling Arbos' Objection to Interrogatory #13 [D.E. 67].  On September 26, 2008, the Court granted the Plaintiff's Motion by default, overruled Arbos' objections to the Interrogatory and directed her to provide a full and complete answer to Interrogatory 13, as Arbos failed to file a response to the Plaintiff's Motion to Overrule the Objection [D.E. 81].

In addition, previously, on September 5, 2008, Plaintiff filed a Motion to Compel Answer to Interrogatory 13 [D.E. 63], which this Court denied as Moot on September 24,

4

2008, as Defendant Arbos provided an amended answer to the Interrogatory [D.E. 65, 76]. On that same date, the Court also issued an Order denying the Plaintiff's Renewed Motion to Strike Pleading filed on August 28, 2008 related to Arbos' failure to respond to Plaintiff's discovery requests, as Arbos indicated that she had responded to the Requests, and Plaintiff did not dispute her assertion. [D.E. 78].

Arbos therefore argues that the Court's September 26, 2008 Order is moot as Arbos has already amended her initial answer to Interrogatory 13 on September 5, 2008 [D.E. 65]. Also, Defendant Arbos argues, in the alternative, that the Court should vacate its September 26, 2008 Order asserting that the Court improperly rephrased the original Interrogatory #13, which Arbos maintains inquired about her experience relevant to the Plaintiff's underwriter's decision concerning issuance of the Insurance Policy. Arbos argues that she has no idea what is in the mind of the Great Lakes underwriter, and thus is unable to answer beyond what she already has.

Plaintiff has filed a Reply [D.E. 99] asserting that Arbos has still failed to comply with the Court's September 26, 2008 Order by failing to provide the information ordered by the Court.

Based upon the foregoing and the record as a whole, the undersigned finds that the Court's September 26, 2008 Order [D.E. 81] that directed Defendant Arbos to provide a full and complete answer to Great Lake's Interrogatory 13, remains in effect and is not mooted by any previous filing by Defendant Arbos. In addition, the Court's September 26, 2008 Order will not be vacated as it appropriately directs Defendant Arbos to provide the information sought by the Plaintiff in its Interrogatory 13 and does not improperly alter that request. Simply put, Interrogatory 13 seeks information regarding Defendant Arbos' prior experience in operating pleasure boats. Accordingly, the undersigned

makes the following rulings:

       i) Defendant Maria Arbos shall comply with this Court's September 26, 2008 Order [D.E. 81] and provide a full and complete answer to Plaintiff's Interrogatory 13 as stated in this Court's September 26, 2008 Order by Wednesday, November 12, 2008.

       ii) Plaintiff Great Lake's Motion to Strike the Pleadings of Defendant Maria Arbos or for Other Sanctions for Failure to Comply with Discovery Order [D.E. 90] is DENIED without Prejudice.  Plaintiff may renew this Motion if Defendant Arbos fails to comply with this Order and fails to provide a full and complete answer to Interrogatory #13 by November 12, 2008.

    **3.**    **Defendant Maria Arbos' Motion to Preclude Plaintiff's Investigative File Including Any Documents and Witnesses Relating to Said Investigation by Nautilus Investigations and Its Agents Including But Not Limited to Documents and Witnesses Listed on Plaintiff's F.R.C.P. 26 (a)(1) Disclosures [D.E. 91], and Defendant Maria Arbos' Motion for Extension of Time to file Reply to Motion to Preclude Plaintiff's Investigatory File [D.E. 106].**

       Defendant Arbos has filed this Motion seeking to preclude Plaintiff Great Lakes from using any portion of its investigation file and witnesses related to that investigation at trial, or in its summary judgment motion.  According to the Motion, after Defendant Arbos made claim for policy benefits to the Plaintiff, Plaintiff engaged Nautilus Investigations to conduct an investigation into the claim.   Defendant Arbos asserts that during that investigation, Nautilus Investigations created an investigative file which includes transcriptions of statements made by Defendants Maria Arbos and Roberto Quevedo.

       After Great Lakes made its Rule 26 disclosures in this litigation, which included

statements of the Defendants made during the course of Great Lakes' investigation, Arbos sought to obtain the entire investigative file through a subpoena duces tecum, which was quashed by this Court after Arbos failed to file a response to Plaintiff's Motion to Quash. *See*, [D.E. 61, 77].   In its Motion to Quash, Great Lakes asserted that Arbos was improperly attempting to obtain Plaintiff's claim file even though it is not discoverable, and trying to avoid privilege and work product objections by not serving a Request for Production on Plaintiff seeking the documents.

Defendant Arbos now seeks to preclude the use of Nautilus Investigations' file and Great Lake's claims file and any witnesses related thereto, as according to Arbos, Great Lakes asserted work product privilege and argued that the documents were irrelevant and refused to produce them.

Plaintiff Great Lakes has filed a Response [D.E. 96] wherein it asserts that it provided the Defendant with transcripts of the statements made by Defendants Arbos and Quevedo and the entire Underwriting file pursuant to FRCP 26(a) on April 25, 2008. Plaintiff maintains that it should not have to turn over its claim file as the investigation of the claim is not relevant to issue of coverage under the marine insurance policy.  Great Lakes asserts that under Florida law, an insurer cannot be compelled to produce its Claim File until it is shown that the claimant is entitled to coverage and the claim was wrongfully denied.  Plaintiff also asserts that it will not seek to introduce the information from Nautilus, at summary judgment or at trial, so long as the Plaintiff does not alter her statements allegedly made during the course of the investigation.

In response, Arbos has filed a Motion seeking additional time to file a Reply to Great Lakes' Opposition as counsel is in the process of obtaining affidavits necessary for the Reply and his law office is short-staffed [D.E. 106].  Arbos requests twenty (20)

7

days from the date of an order to file a Reply.

Based upon the foregoing and the record as a whole, the undersigned makes the following ruling:

i) Defendant Arbos' Motion for Enlargement of Time to Reply to Plaintiff's Response to Defendant Maria Arbos' Motion to Preclude Plaintiff's Investigative File [D.E. 106] is GRANTED, in part.  Defendant Arbos may file a Reply to its Motion to Preclude Plaintiff's Investigative File [D.E. 91] on or before November 20, 2008.  The undersigned will make a determination on the merits of the Motion after Defendant Arbos' Reply is received, or the time for filing the Reply has elapsed.

4.       Defendant Maria Arbos' Motion to Compel Great Lakes
         Reinsurer's Privilege Log  [D.E. 94]

Defendant Arbos has filed the Motion to Compel Great Lake's privilege log seeking to have Plaintiff produce a privilege log for its investigative and claim file. Arbos asserts that when a party withholds information otherwise discoverable by claiming that the information is privileged, the party must provide a privilege log.  The Plaintiff has filed a Response to the Defendant's Motion asserting that the Motion lacks merit as the materials that Defendant seeks are not discoverable as they are "strictly off limits in a first party coverage litigation, until the insured has first prevailed in the coverage action and has demonstrated that coverage exists." [D.E. 108 at 3].   Defendant Arbos has not filed a Reply to Plaintiff's Response.

However, for purposes of resolving this Motion, the Court need not reach the issue of whether an insured's claim file is discoverable in a first party insurance action, as this Court granted by default Plaintiff's Motion to Quash Defendant Arbos' Subpoena Duces Tecum seeking to obtain Plaintiff's investigative and claim file [D.E. 77].  Thus,

procedurally, Plaintiff is not obligated to produce a privilege log as this Court's Order quashing the Defendant's Subpoena, effectively discharged the Plaintiff from having to produce any documents or assert any privileges responsive to that Subpoena. Accordingly, Defendant Arbos' Motion to Compel Privilege Log [D.E. 94] is DENIED.

> 5.   **Plaintiff's Motion to Strike the Pleadings of Defendant Maria Arbos or for Other Sanctions for Her Failure to Appear at Deposition [D.E. 100], and Third Party Defendant Rickenbacker's Cross Motion to Strike Pleadings of Defendant Maria Arbos of for Other Sanctions for Her Failure to Appear for Deposition and Failure to Provide Discovery [D.E. 103].**

Plaintiff Great Lakes has filed a Motion to Strike Defendant Arbos' pleadings asserting that Defendant Arbos failed to appear for her deposition that was scheduled for October 21, 2008, the same day that Defendant Roberto Quevedo's deposition was scheduled.  According to the Motion, Mr. Quevedo appeared for his deposition but Ms. Arbos' attorneys informed Plaintiff's counsel  that Ms. Arbos was complaining of a headache and therefore was unable to attend her deposition.   Plaintiff states that Counsel for Plaintiff traveled from Boston to attend the deposition.

In addition, Third Party Defendant Rickenbacker has also filed a Motion seeking to strike Maria Arbos' pleadings for her failure to appear at her deposition and for failing to provide discovery responses to Rickenbacker's Discovery Requests [D.E. 103]. Rickenbacker states that its counsel traveled from Tampa for the deposition. Rickenbacker has also filed a Certificate of Non-Attendance indicating that Ms. Arbos failed to attend her October 21, 2008 deposition [D.E. 110].

Defendant Arbos' response to the Motions to Strike Pleadings, is not yet due, however given the looming dispositive motion deadline date of November 21, 2008, the undersigned will resolve the Motions to facilitate the completion of discovery.

First, although both Plaintiff Great Lakes and Third Party Defendant Rickenbacker seek to strike Defendant Arbos' Pleadings for her failure to comply with this Court's Orders and for failing to participate in discovery pursuant to Federal Rule of Civil Procedure 37, the Court finds that such a remedy is not appropriate at this time. The Eleventh Circuit has held that when assessing Rule 37 sanctions, the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir.1993). Thus, in this case while the Court does not condone Defendant Arbos' failure to appear for her deposition, at this point, it has not been demonstrated that the only way to ensure her compliance with the Court's orders, including attending her deposition, is through striking her pleadings. In addition, Plaintiff's claim that it no longer has time to depose Defendant Ms. Arbos is unpersuasive. The undersigned notes, however, that Plaintiff and Rickenbacker may be able to establish the need for this drastic sanction, or other sanctions, following Ms. Arbos' deposition and the receipt (or non-receipt) of the discovery which is the subject of this Order. In determining whether sanctions are appropriate, the nature, severity and medical documentation of Ms. Arbos' headache may be taken into account. Therefore, the undersigned rules as follows:

i) Plaintiff's Motion to Strike the Pleadings of Defendant Maria Arbos or for Other Sanctions for Her Failure to Appear at Deposition [D.E. 100] is DENIED, without prejudice;

ii) Third Party Defendant Rickenbacker's Cross Motion to Strike Pleadings of Defendant Maria Arbos or for Other Sanctions for Her Failure to Appear for Deposition and Failure to Provide Discovery [D.E. 103] is DENIED, without prejudice;

iii) Defendant Maria Arbos shall appear for her deposition at a mutually convenient time for all Parties, on or before November 14, 2008, unless Plaintiff Great Lakes and Third Party Defendant Rickenbacker agree to a later date.

The Defendant Maria Arbos is cautioned and is hereby placed on notice that her failure to timely comply with any portion of this Order or any other Orders related to discovery issued by the undersigned may result in an entry of default against her and/or the striking of her pleadings, or other sanctions.

III.    <u>CONCLUSION</u>

Based upon the foregoing analysis, and a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that:

1. Third Party Plaintiff Maria Arbos' [Motion for] Out of Time Enlargement of Time to Respond to Third Party Defendant, Rickenbacker Marina, Inc.'s Discovery Responses [D.E. 89] is **GRANTED**, nunc pro tunc, through October 15, 2008.

2. Third Party Defendant Rickenbacker Marina Inc.'s Motion to Compel Third Party Plaintiff Maria Arbos' Discovery Responses [D.E. 86] is **GRANTED**.  Third Party Plaintiff Maria Arbos shall provide responses to Rickenbacker's Interrogatories and Requests for Production by November 12, 2008.

3.  Plaintiff Great Lake's Motion to Strike the Pleadings of Defendant Maria Arbos or for Other Sanctions for Failure to Comply with Discovery Order [D.E. 90] is **DENIED without prejudice**.   Defendant Maria Arbos shall comply with this Court's September 26, 2008 Order [D.E. 81] and provide a full and complete answer to Plaintiff's Interrogatory 13 as stated in this Court's September 26, 2008 Order by Wednesday,

November 12, 2008. Plaintiff may renew this Motion if Defendant Arbos fails to comply with this Order and fails to provide a full and complete answer to Interrogatory #13 by November 12, 2008.

4.   Defendant Arbos' Motion for Enlargement of Time to Reply to Plaintiff's Response to Defendant Maria Arbos' Motion to Preclude Plaintiff's Investigative File [D.E. 106] is **GRANTED, in part**.  Defendant Arbos may file a Reply to its Motion to Preclude Plaintiff's Investigative File [D.E. 91] on or before November 20, 2008.

5.   Defendant Arbos' Motion to Compel Privilege Log [D.E. 94] is **DENIED**.

6.   Plaintiff's Motion to Strike the Pleadings of Defendant Maria Arbos or for Other Sanctions for Her Failure to Appear at Deposition [D.E. 100] is **DENIED, without prejudice**.

7.   Third Party Defendant Rickenbacker's Cross Motion to Strike Pleadings of Defendant Maria Arbos or for Other Sanctions for Her Failure to Appear for Deposition and Failure to Provide Discovery [D.E. 103] is **DENIED, without prejudice**.

8.   Defendant Maria Arbos shall appear for her deposition at a mutually convenient time for all Parties, on or before November 14, 2008, unless Plaintiff Great Lakes and Third Party Defendant Rickenbacker agree to a later date.

**DONE AND ORDERED** in chambers at Miami, Florida, on November 7, 2008.

_Andrea M. Simonton_
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Ursula Ungaro, United States District Judge
All counsel of record