UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20439-CIV-UNGARO/SIMONTON

**GREAT LAKES REINSURANCE (UK) PLC,**

    **Plaintiff,**

**v.**

**MARIA ARBOS, et al.,**

    **Defendants.**

_____/

**ORDER ON DEFENDANT MARIA ARBOS' MOTION TO PRECLUDE
PLAINTIFF'S INVESTIGATIVE FILE [D.E. 91]**

Presently pending before this Court is Defendant Maria Arbos' Motion to Preclude Plaintiff's Investigative File Including Any Documents and Witnesses Relating to Said Investigation by Nautilus Investigations and Its Agents Including But Not Limited to Documents and Witnesses Listed on Plaintiff's F.R.C.P. 26 (a)(1) Disclosures [D.E. 91]. The Plaintiff has filed a Response in Opposition to the Motion [D.E. 96] and the time for filing a Reply by Defendant has elapsed. The Motion has been referred to the undersigned [D.E. 104].

**I.**    **BACKGROUND**

This declaratory judgment action, brought pursuant to 28 U.S.C. § 2201, et seq., arises out of a claim for insurance coverage for a sea vessel that was purportedly stolen from a marina. According to the Complaint, the Plaintiff, Great Lakes Reinsurance (UK) PLC, ("Great Lakes") is an insurance company that issued an insurance policy to cover a 2004 50 ft. Sea Ray Motor vessel, named "Havana Day Dream", on behalf of the

Defendant Maria Arbos [D.E. 1].[1]  The Complaint alleges that the Policy for the vessel was issued on or about January 10, 2007 and the vessel was reported missing on or about  December 22, 2007.   By all accounts, after the insured, Ms. Arbos, sent a notice of loss under the insurance policy to the Plaintiff regarding the vessel, Plaintiff denied the claim based upon alleged misrepresentations contained in the initial Yacht Application upon which the policy was issued.

Defendant Arbos has now filed a Motion to Preclude alleging that after Defendant Arbos made a claim for policy benefits to the Plaintiff, Plaintiff engaged Nautilus Investigations to conduct an investigation into the claim.  Defendant Arbos asserts that during that investigation, Nautilus Investigations created an investigative file which included statements made by Defendants Maria Arbos and Roberto Quevedo. Defendant Arbos seeks  to preclude Plaintiff Great Lakes from using any portion of the investigative file and/or witnesses related to that investigation in this proceeding, including at trial or in Plaintiff's summary judgment motion.

Prior to the instant Motion, after Plaintiff Great Lakes made its Rule 26 disclosures which included transcripts of statements allegedly made by  Defendants Arbos and Robert Quevedo during the course of Great Lakes' investigation, Defendant Arbos sought to obtain the entire investigative file through a subpoena duces tecum. Plaintiff filed a Motion to Quash the subpoena asserting that Arbos was improperly attempting to obtain Plaintiff's investigative claims file even though under the applicable law, it was not discoverable; and had subpoenaed the investigator rather than serving to

---

[1] The Complaint also name Roberto Quevedo and Key Bank as additional Defendants in this action.  However, those Defendants have not joined in the instant Motion.

the Plaintiff in an attempt to avoid Plaintiff's privilege and work product objections [D.E. 61]. Defendant Arbos failed to file a Response to the Motion to Quash and thus the Motion was granted by default [D.E. 77]. Defendant did not seek reconsideration on the Motion and Plaintiff did not produce the Nautilus investigative file sought in the subpoena duces tecum.

II.     **MOTION TO PRECLUDE INVESTIGATIVE FILE**

Defendant Arbos has now filed a Motion to Preclude wherein it seeks to preclude the use of Nautilus Investigations' file and Great Lake's claims file and any witnesses related thereto in this case. According to Arbos, it is unfair to allow Great Lakes to use the investigation materials to support its claims either in summary judgment or at trial since Great Lakes asserted that the investigative documents are protected by the work product privilege, and are irrelevant to this declaratory judgment litigation [D.E. 91]. Arbos argues that allowing the Plaintiff to refuse to produce the investigative files based upon work product and privilege claims while at the same time relying upon those files to supports its claims in this litigation violates the "sword and shield" doctrine [D.E. 91].

Plaintiff Great Lakes filed a Response to the Motion to Preclude [D.E. 96] wherein it asserts that it has provided Ms. Arbos with transcripts of the statements made by Defendants Arbos and Quevedo as well as the entire Underwriting file pursuant to FRCP 26(a) on April 25, 2008 [D.E. 96 at 5]. Plaintiff maintains that it should not have to turn over its investigative file as the investigation of the claim is not relevant to issue of coverage under the marine insurance policy. Great Lakes asserts that under Florida law, an insurer cannot be compelled to produce its Claim File until it is shown that the claimant is entitled to coverage and the claim was wrongfully denied. Plaintiff also asserts that it will not seek to introduce evidence from Nautilus Investigations or its

personnel, at summary judgment or at trial, so long as Defendant Arbos does not alter her statements allegedly made during the course of the investigation.

In response, Arbos filed a Motion for Enlargement of Time to Reply to Plaintiff's Response to Defendant Maria Arbos' Motion to Preclude Plaintiff's Investigative File seeking additional time to file a Reply to Great Lakes' Opposition [D.E. 153]. The undersigned granted Defendant Arbos until November 24, 2008 to file a Reply [D.E. 158]. Defendant Arbos did not, however, file a Reply to the Motion to Preclude.

On November 19, 2008, Great Lakes filed a Motion for Summary Judgment as to all Defendants [D.E. 120] . In support of the Motion, Plaintiff included the Affidavit of B.A. Usher, the Managing Director for a marine underwriting agency which underwrote the policy issued to Maria Arbos on behalf of Great Lakes Reinsurance [D.E. 122]. The Affidavit set forth the policies and procedures followed in underwriting policies, generally, and specifically recounted certain decisions made by his company related to the issuance of the Policy in this matter. *Id*.

On December 19, 2008, Defendant Arbos filed a Motion for Continuance pursuant to Federal Rule of Evidence 56(f) requesting additional time to conduct discovery prior to the District Court's ruling on the Plaintiff's Motion for Summary Judgment [D.E. 201]. In that Motion, Arbos asserted, *inter alia*, that although Plaintiff Great Lakes represented to the Court that it would not use statements or information from the Nautilus investigative file, that Great Lakes had, in fact, relied upon the investigative reports and the statements in those reports to support its summary judgment motion. More specifically, Arbos alleged that B.A. Usher, whose affidavit was submitted in support of Great Lakes' Motion for Summary Judgment, stated that he reviewed the investigative report in order the prepare the sworn affidavit [D.E. 201 at 4]. While Defendant Arbos admitted that Ms.

4

Arbos' unsworn statements contained in the investigative file were produced by the Plaintiff in its Rule 26 Initial Disclosures, Defendant argues that Plaintiff should not have relied upon any portion of Ms. Arbos' statement in its summary judgment motion as Plaintiff claimed work product privilege for the remainder of the file.

In support of its position, Defendant points to portions of B.A. Usher's Affidavit where Mr. Usher states, "I have had the occasion to review certain investigative reports which were provided to my marine claims manager by Nautilus Investigations..." and "In order to prepare this sworn affidavit, I have also had the occasion to read the transcripts of the recorded statements provided to Nautilus Investigations by Ms. Arbos and Mr. Quevedo as part of the post incident investigation...." [D.E. 201 at 4].  Defendant argues that despite Plaintiff's representations to the contrary, Mr. Usher therefore clearly relied upon the investigation file and unsworn statements of Ms. Arbos to conclude that Ms. Arbos committed a material misrepresentation.   Defendant argues that the investigative file should therefore be stricken as Plaintiff has misrepresented to the court that it would not use the Nautilus investigation file or the Defendants' statements contained therein in its motion for summary judgment and further agues that the Defendants' statements relied upon by Mr. Usher were incomplete.

On December 22, 2008, Plaintiff Great Lakes filed an Opposition to the Motion for Continuance asserting that the claims investigation file should not be stricken for the several reasons.  First, Plaintiff states in its Opposition that the recorded statements of Ms. Arbos made on January 9, 2008 and on February 15, 2008 and contained in the investigative file have not been cited nor referred to in the Plaintiff's Motion for Summary Judgment [D.E. 205 at 2].  Thus, Plaintiff maintains that its summary judgment motion is not based upon the unsworn statements allegedly made by the  Defendants, but rather is

based upon the alleged misrepresentations of material facts that appeared on the Yacht Application form, regardless of the Defendants' statements made during the course of the claim investigation. Second, Plaintiff maintains that it provided the transcripts of the statements made by Ms. Arbos during the investigation to Ms. Arbos' counsel during the course of discovery, and thus the Defendant is unable to demonstrate any prejudice regarding the use, if any, of those statements. Finally, Plaintiff argues again that under Florida state law, other than the statements made by the Defendants, Plaintiff is not obligated to turn over the investigative file prior to a determination of whether coverage exists under the Policy for the Defendants.

III.     ANALYSIS

For the following reasons, the Defendant's Motion to Preclude is denied. First, there is no indication that the Plaintiff has relied on or intends to rely on the investigative file to support its Motion for Summary Judgment. The undersigned has reviewed the Plaintiff's Statement of Material Facts Not in Dispute in Support of Motion for Summary Judgment [D.E. 120] and notes that the Plaintiff makes no reference to the investigation conducted by Nautilus Investigation after the vessel was reported missing, but rather only states that the alleged misrepresentations made by Defendants were established via discovery [D.E. 120 at 22]. Further, Plaintiff does not reference the investigation in its Memorandum of Law in Support of its Motion for Summary Judgment but again primarily relies upon information and evidence acquired through the deposition of Defendant Roberto Quevedo, the testimony from two persons involved in securing the policy, and Maria Arbos' answers to the discovery requests propounded by the Plaintiff [D.E. 121]. Thus, Plaintiff has not relied upon the investigative file to support is motion for summary judgment, and, therefore to the extent that Arbos seeks

to preclude its use in summary judgment proceedings, the Motion is moot.

As to the Affidavit of B.A. Usher, while Mr. Usher unquestionably reviewed the investigative file prior to the preparation of his Affidavit, any reference to the investigative file in the Affidavit including the statements made by the Defendants during the investigation, only provides background as to the decisions made by the underwriter regarding coverage and do not provide any substantive facts regarding what the investigation revealed.  Accordingly, the undersigned again finds that the investigative file was not used by the Plaintiff to support its Motion for Summary Judgment through Mr. Usher's Affidavit.

Further, Plaintiff has maintained that it will not seek to rely upon the investigative file at trial to support its claims that the Defendants are not entitled to coverage.  Plaintiff instead states that it will only seek to introduce the Defendants' statements allegedly made during the investigation, if necessary for impeachment purposes.  Thus, based upon Plaintiff's representations and a review of the Plaintiff's submissions for summary judgment it does not appear that Plaintiff intends to use the investigative file at trial, and thus Defendant's Motion in this regard, is denied without prejudice.  If, however, the Plaintiff seeks to introduce the statements of the Defendants or other materials contained in the investigative file at trial, the Defendant may renew its motion to preclude and/or strike the investigative file for the Court's consideration.

Finally, as to Defendant's request that the witnesses related to the investigation be precluded from testifying, the undersigned is unable to determine which witnesses the Defendant seeks to preclude as the Defendant has failed to specifically identify any such witnesses, and more importantly has failed to demonstrate that any such witnesses would not have been discoverable and/or relevant to this litigation

independently of the information contained in the investigative file. Thus, Defendant's request in this regard is vague and overly broad and therefore is denied on this basis.[2] Further, as to employees of Nautilus Investigations, again there is no indication that the Plaintiff intends to call any such witnesses at trial or even relied upon information from those witnesses to support its claims.  Rather Plaintiff maintains that it listed those persons as witnesses reasonably believed to have some knowledge of the pertinent facts pursuant to its Rule 26 initial disclosures.  Also, there is no indication that the Defendants sought to depose those witnesses or were denied the opportunity to do so. Again, however, if at trial, Plaintiff seeks to introduce the testimony from Nautilus employees, the Defendant may renew its Motion and request that the District Court strike those witnesses.

Therefore, based on the foregoing, the undersigned need not reach the issue of whether under Florida law any part of the claims investigation file is discoverable prior to a determination of coverage, since in this matter, the issue is in essence moot, as Plaintiff has agreed to not use the file in its case.

IV.     CONCLUSION

Based upon the foregoing analysis, it is hereby

**ORDERED AND ADJUDGED** that Defendant Arbos' Motion to Preclude Plaintiff's Investigative File Including Any Documents and Witnesses Relating to Said Investigation by Nautilus Investigations and Its Agents Including But Not Limited to Documents and Witnesses Listed on Plaintiff's F.R.C.P. 26 (a)(1) Disclosures [D.E. 91] is

---

[2]Moreover, Defendant Arbos has failed to city any law which would support the proposition that a witness can be excluded if the means of discovering the identity of the witness is protected under the work product doctrine, or if an interview of the witness is not disclosed based upon that doctrine.

**Denied, without prejudice, consistent with the foregoing analysis.**

**DONE AND ORDERED** **in chambers at Miami, Florida, on January 5, 2009.**

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**The Honorable Ursula Ungaro, United States District Judge**
**All counsel of record**